# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ANDRE J. TWITTY,                          )
                                          )
          Petitioner,               )
                                          )
      v.                          )          No. 4:21-CV-875 NAB
                                          )
ERIC S. SCHMITT,                          )
                                          )
          Respondent.               )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by self-represented Petitioner Andre Twitty.  ECF No. 1.  Petitioner Twitty is currently incarcerated with the United States Bureau of Prisons serving a federal court sentence.  He is not in state court custody serving the state court sentence which he seeks to challenge in his 28 U.S.C. § 2254 petition.  For this reason, as explained below, his petition will be denied and summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### The Petition

Petitioner is currently confined at FCC-Coleman, a federal Bureau of Prisons ("BOP") penitentiary located in Coleman, Florida.  ECF No. 1 at 1.  Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus challenges a May 1993 Cape Girardeau County, Missouri conviction for unlawful use of a weapon.  *Id.*  Petitioner raises two grounds for relief.  First, he argues that his Fifth Amendment right to due process was violated due to a change in the relevant Missouri statute making him actually innocent.  *Id.* at 5.  Petitioner asserts that he was forced to pled guilty to unlawful use of a weapon after a "tire knocker" was found in his car; however, he states that he

never "used" the knocker.  Second, Petitioner alleges ineffective assistance of counsel.   *Id.* at 7.

According to Petitioner, if his trial attorney had explained the "use" requirement to him, he would

have insisted on a trial and would not have pled guilty.  *Id.*

> As to the timeliness of his § 2254 filing, Petitioner states:
>
> Petitioner's conviction became final in 1993.  Petitioner was not told that he could appeal the illegal conviction.  In 1995 Petitioner was arrested in Florida on the probation violation … in which the State of Missouri refused to extradite Petitioner. In 1997 Petitioner was placed on probation by the Federal Bureau of Prisons three '3' times.  And the State of Missouri again refused to take custody of Petitioner.  In 2003, while incarcerated at USP-Marion (40 miles from Cape Girardeau County), BOP staff called the County officials to come take custody of Petitioner.  And again, the State of Missouri refused to do so as Petitioner was approaching his release in 2019.  After being contacted by the U.S. Attorney's office in Denver, only then did the County officials place a detainer on Petitioner.  Even with full knowledge [that the Missouri statute that Petitioner was convicted under] is no longer applicable to Petitioner's alleged conduct.  Petitioner began exhausting his state remedies once he became aware of the illegal detainer. … Petitioner is currently pending direct appeal in the 10th Cir USCA due to the current unconstitutional conviction … And am awaiting release.  Petitioner filed the proper 29.07 motion which contains no time bar … thus, petitioner's motion is timely. … Conviction is invalid and Petitioner is actually innocent.

*Id.* at 13-15.

For relief, Petitioner asks that his 1993 conviction be vacated and that the "illegal detainer

issued by the County of Cape Girardeau" be lifted.  *Id.* at 17.  Plaintiff attached many exhibits[1] to

the petition, including state and federal court records and printouts of legal cases.[2]

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

[2] Plaintiff's exhibits include a letter to the Clerk requesting that this case be held in abeyance until Petitioner's $5.00 payment is received by the Court.  ECF No. 1-10.  Because the filing fee has been received by the Court, this request is now moot.

## Background

Some background on Petitioner's criminal history and his prior case filings – both in Missouri and federal courts – is required for understanding and evaluating his current situation and the allegations of his habeas petition.

## I.      Plaintiff's Missouri Litigation History

Based on an independent review on Case.net, Missouri's online case management system, Petitioner pled guilty to one count of unlawful use of a weapon in 1993 in Cape Girardeau, Missouri.  *State v. Twitty*, No. 32R059300292-01 (32nd Jud. Cir. 1993).  On July 19, 1993, Petitioner received a suspended imposition of sentence and was placed on probation for a period of five (5) years.  According to the terms of the probation, Petitioner was allowed to move to Florida and transfer his probation to that state.  However, a few months later, in November 1993, Petitioner's probation was suspended and a capias warrant was issued.

According to the docket, for many years after the warrant issued, there was no activity in the case.  Then, in October 2003, an Order issued stating that Petitioner was serving time at a federal prison with a projected release date of December 2012.  The Order released Petitioner from further supervision by the Missouri Board of Probation and Parole, but the warrant issued for his arrest remained outstanding.

Many years later, in February 2019, the Cape Girardeau Sheriff's Office sent a copy of the outstanding warrant to the BOP.  *See* ECF No. 1-5.  The Sheriff's Office informed the BOP that a detainer had been placed against Petitioner and that they wanted to be informed prior to Petitioner's release, so that they could arrange extradition.  In July 2020, Petitioner filed a motion in his original state court criminal case, to withdraw his plea of guilty from twenty-seven (27) years earlier.  The

motion was denied.  It appears Petitioner filed a second motion to withdraw his plea in January 2021, that was denied in February 2021.  *See* ECF No. 1-1.

Petitioner filed multiple other cases in Missouri state courts related to his 1993 conviction. Petitioner filed his motion to withdraw his guilty plea with the Missouri Supreme Court in October 2019.  *State v. Twitty*, No. SC98136 (Mo. 2019).  The Court denied the motion.

Also, in October 2019, Petitioner filed a self-represented motion to vacate, set aside, or correct the judgment or sentence of the trial court.  *Twitty v. State*, No. 19CG-CC00292 (32nd Jud. Cir. 2019).  The Court appointed Petitioner counsel for the matter, but Petitioner's counsel eventually filed a motion to withdraw his appointment.  In his motion to withdraw, Petitioner's counsel stated that because Petitioner never returned to the State of Missouri for a probation revocation hearing, a formal sentence was never imposed in his underlying 1993 criminal case and Petitioner was not delivered to the custody of the Missouri Department of Corrections.  As such, his motion to vacate, set aside, or correct the judgment or sentence of the court was filed prematurely under Missouri Supreme Court Rule 24.035(b).  Counsel's motion to withdraw was granted.  The case was dismissed without prejudice in June 2020.

In October 2020, Petitioner filed a motion for late notice of appeal with the Missouri Eastern District Court of Appeals, seeking to appeal the denial of his motion to withdraw his guilty plea.  *State v. Twitty*, No. ED109235 (Mo. Ct. App. 2020).  The Court found that the trial court had denied Petitioner's motion to withdraw but had not deemed the denial a "judgment," as required by Missouri Rule 74.01(1).  As such, Petitioner's motion for late notice of appeal was denied the same month that it was filed.

Finally, in March 2021, Petitioner filed a second motion for late appeal, attempting to appeal the trial court's February 2021 denial of his second motion to withdraw his guilty plea.

*State v. Twitty*, No. ED109531 (Mo. Ct. App. 2021); *see also* ECF No. 1-3.  Again, the Court of Appeals denied the motion, stating that because Petitioner's 1993 sentence was suspended, there is no final, appealable judgment from which he can seek leave to file a late notice of appeal.  In April 2021, the Missouri appellate court denied Petitioner's application to transfer the case to the Missouri Supreme Court.

## II.     Plaintiff's Federal Litigation History

Based on an independent review on PACER, the nationwide electronic public records for federal courts, Petitioner is a frequent and prolific litigant.  Petitioner was denied permission to proceed *in forma pauperis* under the three-strikes provision of 28 U.S.C. § 1915(g), as early as 2002 in the United States District Court for the District of Kansas.  *See Twitty v. Ashcroft*, No. 5:02-CV-3270-GTV (D. Kan. Nov. 18, 2002).  Between 2006 and 2013, Petitioner filed almost fifty (50) civil cases in the United States District Court of the District of Colorado alone.  In 2009, the United States Supreme Court imposed filing restrictions on Petitioner in noncriminal matters.  *See In re Twitty*, 556 U.S. 1126 (2009).  Similarly, in 2011, the United States Court of Appeals for the Tenth Circuit imposed filing restrictions on Petitioner as a result of his repeated frivolous challenges of a 1999 conviction.  *See Twitty v. Daniels*, 412 F. App'x 110 (10th Cir. 2011) (per curiam).  Petitioner was enjoined from "proceeding as a petitioner in an original proceeding or as an appellant in [the Tenth Circuit] court unless he is represented by a licensed attorney admitted to practice in [the Tenth Circuit] court or unless he first obtains permission to proceed pro se."  *Id.* at 112.

As best the Court can decipher from Petitioner's extensive federal court records, after Petitioner's 1993 Missouri conviction was suspended, he went to Florida where he was arrested in 1995.  *See U.S. v. Twitty*, No. 4:95-CR-102-DSD-FLN-1 (D. Minn. Dec. 6, 1995).  After his arrest,

Petitioner was extradited to Minnesota to face federal charges.  In March 1996, Petitioner pled guilty to one count of sending a threatening communication.  At some time later, Petitioner was released on supervised release.  But, in March 1997, the supervised release was revoked and he was sentenced to seven (7) months with the BOP.

About a year later, in August 1998, Petitioner was extradited from Arizona to the Northern District of Georgia to face multiple charges including willful communication of a bomb threat via telephone and threatening federal law enforcement officers and their family members.  *See U.S. v. Twitty*, No. 1:98-CR-374-ODE-JMF-1 (N.D. Ga. Sept. 22, 1998).  After an April 1999 jury trial where Petitioner was found guilty on two counts, he was sentenced to 180 months' imprisonment with the BOP and three (3) years of supervised release.

While Petitioner was serving that sentence, he was charged in Colorado District Court with multiple counts related to mailing threatening communications to a United States Attorney and a federal judge.  *See U.S. v. Twitty*, No. 1:13-CR-76-RBJ-1 (D. Colo. Feb. 14, 2013).  Petitioner was found guilty on two counts and in May 2014, he was sentenced to a total term of 108 months' imprisonment and three (3) years of supervised release.  However, Petitioner's judgment was vacated by the United States Supreme Court in October 2015 and the case was remanded to the Tenth Circuit Court of Appeals for review in light of a recent Supreme Court ruling.  *See Twitty v. U.S.*, 577 U.S. 802 (2015).  The appellate court vacated Petitioner's conviction and remanded to the district court.  A second jury trial was held in May 2016 and Petitioner was again found guilty on two counts.  In August 2016, he was sentenced to seventy-eight (78) months' imprisonment with the BOP and three (3) years of supervised release.  This judgment was affirmed on appeal in 2017, and § 2255 habeas relief was denied in 2019.

Finally, in July 2019, Petitioner was charged with one count of stalking by credible threat and repeated communication, after he threatened BOP officials. *See U.S. v. Twitty*, No. 1:19-CR-344-RBJ-1 (D. Colo. July 24, 2019). After a jury returned a guilty verdict, Petitioner was sentenced to sixty (60) months' imprisonment with the BOP and three (3) years of supervised release in February 2020.

As of the date of the instant petition filing, Petitioner is incarcerated with the BOP. According to court records, since Petitioner's 1993 Missouri conviction was suspended, he has not been in the custody of the Missouri Department of Corrections.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his § 2254 petition; therefore, it will be summarily dismissed.

Under 28 U.S.C. § 2254(a), a district court may entertain an application for a writ of habeas corpus on behalf of a person "in custody pursuant to the judgment of a State court." The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). The United States Supreme Court recently addressed this issue in a case where a federal prisoner filed a § 2254 petition challenging a state court conviction for which he had already finished serving his time. *Alaska v. Wright*, 141 S.Ct. 1467 (2021). The Supreme Court held that the petitioner could not satisfy the § 2254(a) custody requirement where he was currently serving time under a different judgment entered by a federal court. *Id.* at 1468.

7

Similarly, in this case, Petitioner is not in custody under the 1993 Missouri conviction for which he is challenging.  Petitioner is not even in Missouri custody, but federal custody with the BOP.  Petitioner cannot challenge his 1993 Missouri conviction until he is in custody based on that conviction.  Also, Petitioner should be aware that prior to bringing a habeas action pursuant to § 2254 before this Court, he must first exhaust available state court remedies.  *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996).

Because Petitioner is not in custody under the 1993 Missouri conviction in which he seeks to challenge, this Court cannot entertain a habeas petition brought under 28 U.S.C. § 2254 contesting that conviction.  This case will be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts because Petitioner is plainly not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED**, and this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **DENIED as moot**, since he has now paid the filing fee in full.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  26th day of January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE